**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TEXAS CYPRESS CREEK HOSPITAL, LP, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-2590 |
| MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

On Thursday, August 9, 2007, Plaintiff Texas Cypress Creek Hospital, LP ("Cypress Creek") filed a Motion for Temporary Restraining Order, in which it requested both a temporary restraining order ("TRO") and a preliminary injunction to prevent the termination, scheduled for the following Monday, August 13, 2007, of its Medicare Agreement with the United States Department of Health and Human Services ("HHS"). *See* Motion for Temporary Restraining Order [Doc. # 1], pp. 2, 12-13. That same day, the Honorable Kenneth Hoyt issued an order, *ex parte*, granting the requested TRO and scheduling the preliminary injunction request for a hearing before the undersigned on August 16, 2007. *See* Order [Doc. # 4].

On August 15, 2007, Defendant filed a Motion to Dismiss [Doc. # 5], asserting that the Court lacks subject matter jurisdiction to issue the requested injunctive relief. The Court held a hearing on the request for a preliminary injunction as scheduled on August 16, 2007. On August 17, 2007, Cypress Creek filed its opposition [Doc. # 9] to Defendant's Motion to Dismiss.

The Court has carefully reviewed the full record, has considered the arguments and evidence presented at the preliminary injunction hearing, and has applied the relevant legal authorities. Because the Court concludes that it lacks jurisdiction, the TRO [Doc. # 4] is **VACATED,** the request for a preliminary injunction is **DENIED**, and this case is **DISMISSED**.

## I.      FACTUAL BACKGROUND

Cypress Creek operates Cypress Creek Hospital, a psychiatric hospital in Houston, Texas. Defendant is the Secretary of HHS (the "Secretary"). The Centers for Medicare & Medicaid Services ("CMS") is an agency in that department.

On May 6, 2007, CMS received a report that a patient at Cypress Creek Hospital cut his wrist with a small razor blade. As a result, on June 13, 2007, CMS conducted a performance survey of the hospital. On June 25, 2007, CMS notified Cypress Creek of the determination that the June survey revealed deficiencies that represented an

immediate and serious threat to patient health and safety. CMS notified Cypress Creek that its Medicare Agreement would be terminated effective July 19, 2007.

CMS gave Cypress Creek an opportunity to submit a Plan of Correction by July 6, 2007, and to complete the corrective actions by July 10, 2007. Cypress Creek submitted a timely and credible Plan of Correction and represented that the corrective actions would be implemented by the July 10, 2007, deadline.

On July 16-18, 2007, CMS conducted a wide-ranging follow-up survey at Cypress Creek Hospital. On July 26, 2007, CMS notified Cypress Creek that the hospital still was not in compliance with the Medicare regulations and that there were three additional violations. One of the new violations involved a psychiatric patient entering an examination room without authority and sticking a used needle into her hand. CMS determined that the prior, uncorrected, deficiencies, together with the new violations, constituted an immediate and serious threat to human safety. As a result, CMS notified Cypress Creek that its Medicare Agreement would be terminated effective August 13, 2007. CMS also notified Cypress Creek that it would not pay for patients admitted on or after August 13, 2007, and that it would continue payments only for thirty (30) days for those patients admitted prior to August 13, 2007. CMS did not provide Cypress Creek with further opportunities to cure the deficiencies.

Cypress Creek requested an administrative hearing to challenge the termination decision. The matter has been scheduled for a hearing before an Administrative Law Judge ("ALJ") on September 17-18, 2007. The parties represented to the Court that they anticipate a ruling by the ALJ within a few weeks thereafter. Cypress Creek seeks an injunction preventing Defendant from terminating its Medicare Agreement until after the ALJ issues his ruling. Defendant argues that the Court lacks subject matter jurisdiction to grant the requested injunction and that, in any event, no injunction is warranted.[1]

## II.   ANALYSIS

The Medicare Act, 42 U.S.C. § 1395, "establishes a federally subsidized health insurance program that is administered by the Secretary." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999).

### A.   42 U.S.C. § 405(h)

Title 42, United States Code, section 405(h) provides that no action may be brought against the "United States, the Commissioner of Social Security, or any officer or employee thereof" under 28 U.S.C. § 1331 or 1346. 42 U.S.C. § 405(h). The

---

[1]   *See, e.g.*, The Secretary's Response Brief Opposing Preliminary or Further Temporary Injunctive Relief [Doc. # 10].

statute is applicable to bar claims against the Secretary of the Department of Health and Human Services. *See* 42 U.S.C. § 1395ii.

The bar does not apply, however, where its application would "not simply channel review through the agency, but would mean no review at all." *See Nat'l Athletic Trainers' Assoc., Inc. v. United States Dept. of Health and Human Servs.*, 455 F.3d 500, 503 (5th Cir. 2006) (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 19 (2000)). Here, as in *National Athletic*, the jurisdictional issue depends on "whether channeling review through the agency would result in 'no review at all' of [Plaintiff's] claim." *See id.* at 504. Stated differently, the Court must determine whether "the claim may ultimately be subject to review after proceeding through administrative channels." *Id.* at 505.

Plaintiff has not shown that it will be unable to obtain review during or after completing the administrative process. Cypress Creek is a limited partnership that is 99% owned by Psychiatric Solutions, Inc. ("PSI"), a corporation that owns more than 85 facilities, has a collective bed capacity of 10,000, and had record income of $354,126,000.00 for the second quarter of 2007. CMS will continue to pay for thirty days – until September 13, 2007 – for those patients admitted prior to August 13, 2007. The parties anticipate a ruling by the ALJ in late September or early October of this year. If Cypress Creek cannot absorb the strain on its cash flow of these few weeks

losses, from whatever source,[2] PSI would clearly be capable of bearing the expense of operating Cypress Creek.  It is clear that Cypress Creek is motivated to challenge the Secretary's final decision if it is unfavorable, and that they have competent counsel to represent them in that endeavor.  Because Cypress Creek, with the aid of PSI if necessary, has the ability to continue operations for the few weeks until the Secretary issues its final decision, and has the incentive to challenge an unfavorable decision, the exception to the § 405(h) bar does not apply in this case.

Where, as here, the exception to the § 405(h) jurisdictional bar does not apply, a federal court has jurisdiction to review claims under the Medicare Act only under 42 U.S.C. § 405(g), which allows a district court to review "any final decision of the Commission of Social Security made after a hearing."  42 U.S.C. § 405(g); *Nat'l Athletic*, 455 F.3d at 503.

### B.     42 U.S.C. § 405(g)

For the Court to have jurisdiction under § 405(g), two conditions must be satisfied: (1) the claim must be presented to the Secretary for review and (2) the plaintiff must have exhausted his administrative remedies.  *See Mathews v. Eldridge*,

---

[2]   As is discussed in Section II.B., Cypress Creek suspects that private insurance carriers may stop authorizing patients' admissions if the Medicare Agreement is terminated.  There is no probative evidence, however, to support Cypress Creek concerns in this regard, and the argument is unpersuasive.

424 U.S. 319, 328 (1976); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999).[3] It is undisputed that Cypress Creek has presented its claim to the Secretary for review and, therefore, has satisfied the first requirement.

The record establishes conclusively that Cypress Creek has not exhausted its administrative remedies. Administrative remedies are exhausted, and a final decision rendered under the Medicare Act, "only after the claimant has pressed the claim through all designated levels of administrative review." *Id.* In this case, it is undisputed that Cypress Creek has not yet received a hearing before or a final decision from the ALJ.

This exhaustion requirement, however, can be waived if the plaintiff's claim is "entirely collateral" to its substantive claim of entitlement *and* it shows that an award of retroactive benefits would not provide full relief. *See Mathews,* 424 U.S. at 330-32; *Affiliated Prof'l Home Health Care*, 164 F.3d at 285. In this case, Cypress Creek's request for injunctive relief is not "entirely collateral" to its substantive claim before the Secretary. Cypress Creek asks the Court to enjoin the termination of its Medicare Agreement. "Such relief is unquestionably administrative in nature." *Id.* Deciding whether Plaintiff has a substantial likelihood of success on the merits of its challenge

---

[3]  In *Affiliated Professional Home Health Care*, the Fifth Circuit reversed the district court's entry of a preliminary injunction in a Medicare Act case, holding that the district court lacked subject matter jurisdiction.

before the Secretary, the Court must "immerse itself" in Medicare regulations and determine whether CMS's notice of termination was proper. Indeed, the evidence presented by Plaintiff during the preliminary injunction hearing focuses heavily on the merits of the notice of termination. "Given the administrative nature of this inquiry, it cannot be reasonably concluded that [Cypress Creek's] claim is collateral to a claim for administrative entitlement." *Id.* at 286.

Plaintiff also failed to show that an award of retroactive benefits would not provide full relief such that the exhaustion requirement should be waived. As was discussed above, Cypress Creek's parent, PSI, is capable of bearing the expense of operating Cypress Creek during the few weeks between the entry of this Order and the ALJ's final decision. Any temporary loss of income suffered by Cypress Creek during the completion of the administrative review process could be covered by PSI and, if successful before the ALJ, Cypress Creek could reimburse PSI from any award of retroactive benefits. *See, e.g., Cathedral Rock of North College Hill, Inc. v. Shalala*, 223 F.3d 354, 364 (6th Cir. 2000). More importantly, those patients who have a history of utilizing Cypress Creek's services would be able to continue to do so. The Court rejects as speculative Cypress Creek's argument that private insurance carriers will instantaneously cease authorizing patients' admissions to Cypress Creek if the Medicare Agreement is terminated, however briefly, while administrative review is

proceeding on an expedited basis. Considering all evidence presented by the parties, the Court concludes that Plaintiff has not shown irreparable injury for purposes of waiving the exhaustion requirement.[4] Because the exhaustion requirement has neither been satisfied nor waived, the Court lacks jurisdiction to grant the injunctive relief Plaintiff requests.

### III. CONCLUSION AND ORDER

The Court lacks subject matter jurisdiction to issue injunctive relief in this Medicare Act case. As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 5] is **GRANTED**, the Temporary Restraining Order [Doc. # 4] is **VACATED,** the request for a preliminary injunction [Doc. # 1] is **DENIED**, and this case is **DISMISSED**. The Court will issue a separate final order.

SIGNED at Houston, Texas, this **20th** day of **August, 2007**.

_____
Nancy F. Atlas
United States District Judge

---

[4] Even were the Court to have subject matter jurisdiction, it would not be inclined to grant an injunction in this case based, in part, on Plaintiff's failure to establish irreparable injury.